24054. RICE v. RICE, Administrator.

Submitted May 8, 1967—Decided May 18, 1967.

*Mitchell & Mitchell, Warren N. Coppedge, Jr.,* for appellant.

Grice, Justice. Appellant enumerates as error the denial of her petition to set aside a decree of divorce entered in the Superior Court of Murray County. She filed such petition in that court against David Rice, as administrator of the estate of Leonard Rice, Sr., who was the opposite party to the case in which the decree was rendered. In her petition the appellant asserted that the decree is void for lack of jurisdiction of the court because it was granted pursuant to a cross action filed by her husband in a suit which she brought against him for permanent alimony.

However, we find it unnecessary to consider that issue. Regardless of whether, under such circumstances, a divorce should have been granted, the record shows that there was an even more basic deficiency insofar as jurisdiction is concerned.

That deficiency, as we assess the case, is the absence of jurisdictional allegations essential to divorce actions. Our State Constitution (Art. VI, Sec. XIV, Par. I; *Code Ann.* § 2-4901) provides, in material part, that "Divorce cases shall be brought in the county where the defendant resides, if a resident of this state; if the defendant be not a resident of this state, then in the county in which the plaintiff resides. . ." Also, *Code Ann.* § 30-107 recites, insofar as material here, that "No court shall grant a divorce of any character to any person who has not been a bona fide resident of the State six months before the filing of the application for divorce. . ."

This court has held that allegation of these jurisdictional requirements is essential to applications for divorce. *Owens v. Owens,* 189 Ga. 338 (2) (5 SE2d 883) and citations; *Johnson v. Johnson,* 222 Ga. 433 (150 SE2d 684).

364

However, the only allegation as to residence made in either the wife's petition for permanent alimony or the husband's answer and cross action for divorce was the wife's averment that the husband was a resident of that county. The husband denied this allegation.

Since it thus appears upon the face of the record in that proceeding that the court lacked jurisdiction to grant the divorce, that judgment is void, and the appellant's petition to set it aside should have been granted.

*Judgment reversed. All the Justices concur. Almand, P. J., concurs in the judgment but not in all that is stated in the opinion.*