## 32161. KENNEDY v. BROWN.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of Spalding County, overruling appellant's motion to set aside judgment.

The parties were divorced on June 19, 1970, in the Superior Court of Spalding County. By order of the court, the appellant was awarded custody of their two minor children. In January, 1976, appellee filed a petition seeking to hold the appellant in contempt of court for failing to comply with the visitation provisions of the original divorce decree and in the same complaint sought to modify the decree so as to grant custody of one of the children to himself. On March 5, 1976, the court issued an order modifying visitation rights and directing that the

original divorce decree be modified so as to grant custody of both children to their paternal grandmother. The order was signed by both attorneys as being in accord with the oral pronouncement of the court and was entered with the clerk of the superior court on March 30, 1976. For reasons of her own appellant dismissed her previous counsel and retained present counsel who filed a motion with the Superior Court of Spalding County to set aside the March 5, 1976 judgment on the grounds that it was void for failure to state findings of fact and conclusions of law, and that a portion of the visitation rights as modified was unconstitutional for it required the parties to take the children to church each week. Two days prior to a hearing on this motion, an order nunc pro tunc was issued by the court allowing the appellee to file a written waiver of findings of fact and conclusions of law pertaining to the March 5th judgment. This waiver had been signed on March 5, 1976 by appellee's attorney and the attorney appellant had previously dismissed, but through inadvertence had not been filed. Appellant was not informed by the court of the issuance of the nunc pro tunc order until the time of the hearing on the motion to set aside judgment. At that hearing appellant's motion to set aside the March 5, 1976 judgment on the premise that the same was void *was overruled* and she now appeals that judgment.

1. Appellant's enumerations of error Nos. 1, 2, 3 and 4 all complain of the lower court's order dated March 5, 1976 and entered March 30, 1976. Each deals with the question of whether the entry of that order was erroneous. The basic procedure relating to the filing of appeal is set forth by Code Ann. § 6-803 which states in pertinent part: "(a) A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of. . ." Filing of the notice of appeal within the statutory period or the securing of an extension during such period is absolutely essential, to enable this court to consider the case on the merits. *Blanton v. Jones,* 230 Ga. 866 (199 SE2d 801) (1973). Since an appeal from the court's order dated March 5, 1976, and entered March 30, 1976, was not made, this court need not consider the merits of appellant's enumerations of error. The issue on this

appeal is not whether the trial court erred in entering the March 5, 1976 judgment but whether the trial court judge erred in refusing to set it aside as sought in appellant's motion.

2. Appellant's enumerations of error Nos. 5, 6 and 7 attack the lower court's order of January 3, 1977, allowing a nunc pro tunc filing of the attorney's written waiver of findings of fact and conclusions of law. Section 52 of our Civil Practice Act (Code Ann. § 81A-152) provides that: "In all actions in superior court tried upon the facts without a jury, except actions involving only uncontested divorce, alimony and custody of minors, the court shall find the facts specially and state separately its conclusions of law thereon. . . The requirements of this subsection may be waived in writing by the parties." Appellant contends that because the requirements of § 81A-152 (a) were not complied with, the judgment on its face was void, and thus, the order nunc pro tunc served only to breathe life into that which would not stand alone. We do not agree. Although findings of fact and conclusions of law are mandatory (*Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975)), their absence is not fatal. Such a judgment may be vacated on appeal and the conclusions of law and facts supplied at the direction of the appellate court. See, *Jacobs Pharmacy Co. v. Richards & Assoc.,* 229 Ga. 156 (189 SE2d 853) (1972); *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154) (1971). Inadvertent failure to file the waiver in this case was cured by applying Code Ann. § 81A-160 (g) which states in pertinent part: "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Since counsel of record for both parties signed the March 5, 1976 judgment as being a correct pronouncement of what the court ordered, and since a written waiver of findings of fact and conclusions of law had been signed by both attorneys at the time of the March 5, 1976 judgment, their inadvertent failure to file said waiver was properly corrected by the court's nunc pro tunc order requiring it to be filed. The court had this authority under Code Ann. §

81A-160 (g).

3. Appellant's enumerations of error Nos. 8 and 9 complain of the court's order of January 7, 1977, which denied appellant's motion to set aside the March 5, 1976 order, on the grounds that it was void for failure to state findings of fact and conclusions of law.

Under the Civil Practice Act (§ 81A-160 (d)): "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." We conclude that the failure of the trial court to incorporate findings of fact and conclusions of law in their March 5th order was an amendable defect which did appear on the face of the record and thus is not a defect which would warrant setting aside the superior court's judgment pursuant to § 81A-160 (d).

The court did not err in denying appellant's motion to set aside the judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1977 — DECIDED JUNE 21, 1977.

*Glaze, Glaze, McNally & Glaze, Martha K. Glaze, Kirby A. Glaze, George E. Glaze,* for appellant.

*Beck, Goddard, Owen & Murray, John H. Goddard, Samuel A. Murray,* for appellee.

