## 35389. CHALFANT v. RAINS.

HALL, Justice.

The appellant in this case, Chalfant, is the former wife of the appellee Rains. Chalfant was granted a divorce from Rains in 1976 in South Carolina. Issues of alimony were not adjudicated since the South Carolina court lacked personal jurisdiction of the husband. In February 1979, Chalfant filed suit against Rains in Fulton County for alimony and for damages for breach of a marriage contract. In her complaint, she alleged that she is a resident of Illinois and that her former husband is a resident of Fulton County, Georgia. It is undisputed that

Rains was personally served while in Fulton County with a summons and complaint.

Rains filed a motion to dismiss the complaint "for want of jurisdiction over his person." This motion was accompanied by an affidavit which stated that Rains is a resident of Colorado and not Georgia and was in Georgia for personal and business reasons. The motion to dismiss for lack of jurisdiction was granted, and the case was dismissed. Chalfant appeals. We reverse.

Code Ann. § 15-202 provides: "The jurisdiction of this State and its laws extend to all persons while within its limits, whether as citizens, denizens, or temporary sojourners." Rains was personally served in Fulton County. Although Rains may be a nonresident, service of process is sufficient to give the trial court personal jurisdiction. Code Ann. § 81A-104; *McPherson v. McPherson,* 238 Ga. 271 (232 SE2d 552 (1977); *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210) (1973).

In his brief on appeal, Rains argues that the trial court was correct in dismissing the suit because it had no jurisdiction of a claim for alimony filed by a nonresident plaintiff against a nonresident defendant. This contention relates to subject matter jurisdiction, not personal jurisdiction. *Hopkins v. Hopkins,* 237 Ga. 845 (1) (229 SE2d 751) (1976). An alimony proceeding need not be ancillary to a divorce proceeding to be valid. The legislature has established a statutory residency requirement of six months before divorce proceedings can be brought, Code Ann. § 30-107, but has not extended this requirement to alimony proceedings.[1] We refuse to do so now.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 14, 1979 — DECIDED NOVEMBER 21, 1979.

---

[1] Code Ann. § 30-226 does not apply to this case since neither party is a Georgia resident and since the party seeking alimony is also the party who obtained the divorce.

*Scheer & Elsner, Robert A. Elsner, McClain, Mellen, Bowling & Hickman, Arthur Gregory,* for appellant.
*A. Mims Wilkerson, Jr.,* for appellee.