## 65642. POWELL v. THE STATE.

SOGNIER, Judge.

In early 1980 Lillie Powell filed a petition for child support against appellant, Lewis Powell, under the provisions of the Uniform Reciprocal Enforcement of Support Act (OCGA § 19-11-40 et seq. (Code Ann. § 99-901a et seq.)). After a hearing on the petition on February 4, 1980 the Superior Court of Montgomery County entered a judgment and order against appellant, directing him to pay $50 per month child support. Appellant did not appeal that judgment.

On April 15, 1982 an Application for Contempt was filed against appellant for wilfully failing to comply with the judgment of February 4, 1980. In response appellant filed a Motion to Dismiss Petitioner's Application for Attachment for Contempt and Motion to Set Aside Judgment on the ground that no specific findings of fact and conclusions of law were entered in the order of February 4, 1980 as required by Code Ann. § 81A-152 (now OCGA § 9-11-52). After a hearing on October 8, 1982 the motions were denied and on October 19, 1982 a judgment and order were entered finding appellant in contempt for wilfully failing to comply with the court's order of February 4, 1980. On appeal Powell contends the trial court erred by

denying his motion to dismiss and motion to set aside judgment, and by finding appellant in contempt.

1. Appellant argues that the court's failure to enter findings of fact and conclusions of law with respect to paternity in its order of February 4, 1980, as required by OCGA § 9-11-52 (a) (Code Ann. § 81A-152), is a nonamendable defect and, therefore, the trial court erred by denying the motion to set aside the judgment.

OCGA § 9-11-52 (a) (Code Ann. § 81A-152) provides, in pertinent part: *"When necessary; effect.* In all actions in superior court tried upon the facts without a jury, except actions involving only uncontested divorce, alimony, and custody of minors, the court shall find the facts specially and shall state separately its conclusions of law thereon, and judgment shall be entered pursuant to Code Section 9-11-58; . . ."

OCGA § 9-11-60 (d) (Code Ann. § 81A-160) provides that "[a] motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings . . ." In *Kennedy v. Brown,* 239 Ga. 286, 289 (3) (236 SE2d 632) (1977), our Supreme Court held: "We conclude that the failure of the trial court to incorporate findings of fact and conclusions of law in their (sic) . . . order was an amendable defect which did appear on the face of the record and thus is not a defect which would warrant setting aside the superior court's judgment pursuant to [OCGA § 9-11-60 (d)]." Although appellant argues that the holding in *Kennedy* applied only to the facts of that particular case, this court has held: "Examples of defects in general which have been held amendable and not subject to motion to set aside include matters such as the court's failure to state findings of fact and conclusions of law . . ." *Brown v. Wilson Chevrolet-Olds,* 150 Ga. App. 525, 527 (1) (258 SE2d 139) (1979). Since the failure to include findings of fact and conclusions of law in the order of February 4, 1980 was an amendable defect appearing on the face of the record, it was not subject to a motion to set aside and the trial court did not err in denying appellant's motion to set aside judgment. *Kennedy,* supra.

2. Appellant contends it was error to hold him in contempt because the order of February 4, 1980 did not contain findings of fact and conclusions of law as to paternity and, thus, is unenforceable. This is the same argument raised in appellant's first enumeration of error and our holding in Division 1 is controlling on that issue. Since appellant acknowledged in court that he intentionally stopped making child support payments the trial court did not err by finding appellant in contempt.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided June 1, 1983.

*Charles W. Cook,* for appellant.
*H. Frederick Mullis, Jr.,* for appellee.