42362. PAGE v. PAGE.
(335 SE2d 865)

SMITH, Justice.

We granted Ursula Page's application to appeal the Muscogee County Superior Court's grant of Albert Page's motion to set aside a judgment awarding appellant, Mrs. Page, a divorce and alimony. She raises four enumerations of error. We reverse.

Ursula and Albert Page were married in May 1975. On June 10, 1983, Mr. Page, who was apparently stationed in the Army in southern Oklahoma, filed for divorce in Harris County, Texas. At that time, Mrs. Page resided in Muscogee County, Georgia, where Mr. Page had been stationed at Fort Benning.

On August 19, 1983, before she had been served with notice of the Texas divorce case, Mrs. Page filed for divorce and alimony in Muscogee County. Mr. Page was served with notice of the Georgia divorce proceedings on August 25, 1983. Mrs. Page was served with notice of the Texas divorce on November 9, 1983.

Mr. Page filed an answer in the Georgia case on October 3, 1983. He admitted jurisdiction and requested a jury trial. Mrs. Page filed an answer in the Texas case on November 18, 1983. She contested personal and subject matter jurisdiction.

The Texas Court awarded Mr. Page a divorce on January 11, 1984, but the award was set aside on January 27, 1984, because Mr. Page's Texas counsel had notified Mr. Page's Georgia counsel rather than Mrs. Page's counsel of the trial date in Texas. Mrs. Page's attorney was notified of the date of the new trial on February 15, 1984. At the new trial, the Texas Court granted Mr. Page a divorce, awarded Mrs. Page a house in Columbus, and awarded the parties any personal property in their possession. Neither Mrs. Page nor her attorney attended the Texas trial.

On April 3, 1984, a Muscogee County jury awarded Mrs. Page a divorce, $900 monthly alimony, and $500 attorney fees. The jury also awarded Mrs. Page a 1977 Chrysler automobile, and "household goods and furnishings." On January 30, 1985, the Muscogee County Superior Court granted Mr. Page's motion to set aside the Georgia divorce and grant of alimony on the grounds that the judgment of divorce in Texas should have been granted full faith and credit, and therefore should have divested the Georgia court of subject matter jurisdiction in the case.

1. Mrs. Page claims that the Muscogee County Superior Court did not lose jurisdiction over her action for divorce and alimony

under full faith and credit by reason of the Texas judgment of divorce.

a. In *Williams v. North Carolina*, 317 U. S. 287 (63 SC 207, 87 LE 279) (1942), a man and a woman, residents of North Carolina, moved to Nevada for the six-week period necessary to establish domicile for divorce purposes, divorced their respective spouses and married one another. When they moved back to North Carolina, shortly after their marriage, the state, possibly at the behest of the jilted spouses, prosecuted them for bigamy. They appealed the North Carolina Supreme Court's affirmance of their bigamy convictions, *State v. Williams*, 220 N.C. 445 (17 SE2d 769) (1941), to the United States Supreme Court.

The Court initially stated that "each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent." *Williams*, 317 U. S., supra at 298-299. The Court then held that the divorce granted one spouse in one state will bind the other spouse in his or her domicile if the requirements of procedural due process are met. As Mrs. Page has not sufficiently contested the Texas court's jurisdiction over her, and as the Texas court altered Mr. Page's marital status, we find that as a matter of full faith and credit, the Texas divorce should be recognized in Georgia. *Williams*, supra.

b. The Texas court did not rule upon the issue of alimony. In *Armstrong v. Armstrong*, 350 U. S. 568 (76 SC 629, 100 LE 705) (1955), a case factually similar to this case, the United States Supreme Court ruled that a judgment of divorce in one state for one spouse that does not recognize the issue of alimony, will not, by reason of full faith and credit, bar a subsequent action for alimony in another state by the other spouse. Thus, under the facts of this case, the doctrine of full faith and credit requires recognition of the Texas divorce, but the United States Constitution does not bar Mrs. Page's action for alimony. We must turn to Georgia law to determine the effect of a valid Texas divorce upon the issue of subject matter jurisdiction in Mrs. Page's claims for divorce and alimony.

2. In *Chalfant v. Rains*, 244 Ga. 747 (262 SE2d 63) (1979), this court considered the subject matter jurisdiction of a superior court in an alimony action independent of a divorce or an action for separate maintenance. The court held, "[a]n alimony proceeding need not be ancillary to a divorce proceeding to be valid." Id. at 748. Superior courts clearly possess " 'jurisdiction of the class of cases to which [alimony cases] belong.' *Zeagler v. Zeagler*, 192 Ga. 453, 456 (15 SE2d 478) (1941)." *Hopkins v. Hopkins*. 237 Ga. 845, 846 (229 SE2d 751) (1976).

The *Chalfant* court distinguished a separate, procedural, bar,

found in OCGA § 19-6-27, against an alimony suit independent of a divorce suit or a suit for separate maintenance. OCGA § 19-6-27 provides that when one spouse wins a judgment for divorce in a foreign state pursuant to constructive rather than personal service, the resident spouse who has been constructively served may apply for alimony in Georgia "as if no divorce decree had been entered, even though the foreign decree may be entitled to full faith and credit in dissolving the marriage." This code section would seem to bar a suit for alimony, such as the one in this case, which follows a foreign divorce in which the party claiming alimony was the defendant and was personally served.

As the appellee's post-judgment complaint involved a violation of OCGA § 19-6-27, and not "some nonamendable defect which does not appear on the face of the record or the pleadings," or lack of jurisdiction over the person or subject matter, the appellee may not properly bring a motion to set aside the judgment for alimony in this case on the grounds asserted. We thus need not reach questions of estoppel or waiver.

Cases such as *Stoner v. Stoner*, 134 Ga. 368 (67 SE 1030) (1910), and *Bell v. Bell*, 206 Ga. 194 (56 SE2d 289) (1949), simply establish the rule that a valid marriage between two parties at some point, and their subsequent divorce or bona fide separation are prerequisites for a valid grant of alimony. As *Chalfant*, supra, shows, a suit for alimony can rest upon any judgment of divorce terminating a valid marriage between two parties. The laws in this state do not require a *contemporaneous* divorce suit in the absence of a showing of a bona fide state of separation.

*Judgment reversed. All the Justices concur, except Hill, C. J., Gregory and Weltner, JJ., who concur specially.*

HILL, Chief Justice, concurring specially.

I concur in the judgment of reversal but for a different reason.

Mr. Page was subject to the jurisdiction of the Georgia court; he admitted jurisdiction and requested a jury trial. Mr. Page was granted a divorce, by default, by the Texas court on March 20, 1984. There is, however, no evidence that Mrs. Page was served with or knew of the entry of the Texas decree. Mrs. Page was granted a divorce and alimony by the Georgia court on April 19, 1984, during the March term of court. On October 29, 1984, during the September term, Mr. Page made a motion to set aside the Georgia judgment on the ground that the Georgia court lacked jurisdiction over the subject matter in that the Texas court had decided the issues. The trial court granted the motion to set aside.

This is an out-of-term motion to set aside made pursuant to OCGA § 9-11-60 (d). A motion to set aside a judgment made pursuant

to OCGA § 9-11-60 (d) based upon grounds which the movant knew, or was charged with knowing, at the time the judgment was entered should not be granted except possibly for clear and compelling reasons not present here. See *Camp v. Fidelity Bankers Life Ins. Co.,* 129 Ga. App. 590 (1) (200 SE2d 332) (1973); *Shepherd v. Metropolitan Property &c. Ins. Co.,* 163 Ga. App. 650, 652 (249 SE2d 638) (1982). In my view, the movant waived the right to move to set aside the judgment, and I therefore concur in the judgment.

I am authorized to state that Justice Gregory and Justice Weltner join in this special concurrence.

DECIDED NOVEMBER 5, 1985.

*Frandsen & Wadkins, Robert L. Wadkins,* for appellant.
*Oates & Byars, Alexander V. Pinter,* for appellee.