A99A2509. HESTON v. LILLY.

(531 SE2d 784)

POPE, Presiding Judge.

Tracey Heston sued Thomas Malcolm Lilly for injuries she allegedly sustained when Lilly's car rear-ended her car. The matter proceeded to a jury trial, and the jury entered a verdict in Lilly's favor. On April 27, 1999, Heston filed a motion for new trial and on May 21, 1999, she filed a written request for oral argument. This request came three days after Lilly filed his response to Heston's motion. The trial court, without hearing argument, issued an order on June 2, 1999, denying the motion for new trial.

1. Heston argues that the trial court erred in denying her motion without first hearing oral argument as required under Uniform Superior Court Rule 6.3. That rule provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, *except motions for new trial* and motions for judgment notwithstanding the verdict." (Emphasis supplied.) This language excepts motions for new trial from the general rule that a court can decide a motion without oral argument and provides by negative implication that a trial court *cannot* rule on a motion for new trial without an oral hearing. Because Heston was entitled to oral argument on her motion for new trial, it was error for the trial court to issue its order without first hearing argument. And this Court has consistently refused to find that the failure to hold oral argument is harmless error. To hold otherwise "would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right." (Citation and punctuation omitted.) *Bennett v. McDonald*, 238 Ga. App. 414, 415-416 (518 SE2d 912) (1999). See also *Howard v. McFarland*, 233 Ga. App. 286 (503 SE2d 900) (1998).

Lilly argues, however, that Heston was not entitled to oral argument because she did not make a timely request. But Rule 6.3 does not require a written request for oral argument on a motion for new trial. While the rule does require a written request for oral argument on motions for summary judgment, that language has no application to motions for new trial. And even if the language could somehow be construed to apply to a motion for new trial, the rule provides that the written request must be filed concurrently with the motion or within five days after the time for the response. Heston filed her motion three days after Lilly filed his response, and thus the request would be considered timely.

Accordingly, we remand the case back to the trial court for oral argument on Heston's motion for new trial.

2. And because we are remanding the case for further proceedings, we do not reach Heston's remaining enumerations addressing

the merits of the trial court's ruling:

> Where the trial court has not had the opportunity to consider the arguments of counsel [on the motion for new trial], appellate review of the record is premature. Indeed, oral argument may illuminate issues obscured by the record or result in admissions by counsel that affect the [trial court's] analysis.

*Howard v. McFarland*, 233 Ga. App. at 287.
   *Case remanded with direction. Smith and Miller, JJ., concur.*

DECIDED MARCH 20, 2000.

*Van C. Wilks*, for appellant.
*Allen & Associates, Stuart Theodore*, for appellee.