## S01A0449. GREEN v. McCART.
### (548 SE2d 303)

CARLEY, Justice.

Thomas Green and Miriam McCart entered into a meretricious relationship in the 1980's and, in 1997, they participated in a ceremonial marriage. In 1999, Ms. McCart filed for divorce. After entry of the final divorce decree, Mr. Green moved for a new trial, indicating that he was "making preparation to obtain all or a portion of the transcript." A hearing on the motion was continued several times, based upon the lack of a transcript. Eventually, the trial court instructed Mr. Green to meet immediately with the court reporter and to arrange for the preparation of the transcript. Subsequently, Ms. McCart, alleging that no transcript had yet been ordered, sought attorney's fees and the denial of the motion for new trial. At the instruction of a member of the trial court's staff, Ms. McCart's lawyer submitted proposed orders awarding attorney's fees and denying the motion for new trial, along with an affidavit documenting the amount of attorney's fees. Without conducting a hearing, the trial court entered both orders on the same day that they were submitted to it. As authority for the award of attorney's fees, the order cited OCGA § 9-15-14 (b) and Uniform Superior Court (USC) Rule 41.3. This Court granted Mr. Green's application for discretionary appeal, to determine whether the trial court erred in ruling on the two

motions without conducting a hearing. Because the failure to hold a hearing was erroneous, we reverse and remand.

1. USC Rule 6.3 provides that, "[u]nless otherwise ordered by the court," a motion for new trial "shall be decided" after an "oral hearing." Here, the trial court did not issue an order excepting the motion filed by Mr. Green from this procedural requirement. Instead, it summarily denied the motion without holding the mandatory hearing. The appellate courts of Georgia have "consistently refused to find that the failure to hold oral argument is harmless error. To hold otherwise 'would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right.' [Cits.]" *Heston v. Lilly*, 242 Ga. App. 902 (1) (531 SE2d 784) (2000).

USC Rule 41.3 provides that, in the absence of leave to proceed in forma pauperis, the filing by counsel of a motion for new trial specifying inclusion of the transcript in the record "shall constitute a certificate by the attorney that the transcript has been ordered from the court reporter. The filing of such motion . . . prior to ordering the transcript from the reporter shall subject the attorney to disciplinary action by the court." Assuming without deciding that Mr. Green's counsel violated this provision, he would be subject to discipline. However, this rule does not authorize a trial court to punish a party by denying the motion sua sponte or by assessing attorney's fees against him.

OCGA § 9-15-14 (b) does provide that, "upon the motion of any party or the court itself," attorney's fees may be awarded in certain enumerated instances. To make a valid award pursuant to this provision, however, the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney's fees. *C.A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998). No such hearing was conducted in this case.

The failure to hold a hearing prior to the denial of the motion for new trial and the grant of the motion for attorney's fees was reversible error. Accordingly, we reverse the orders and remand the case with direction that the trial court conduct the mandatory hearings and that it thereafter enter new orders disposing of the motions.

2. In the final divorce decree, the trial court found that the parties were not "lawfully married" until 1997. Mr. Green urges that this finding is erroneous, but that is an issue which he must assert in the trial court on remand. *Heston v. Lilly*, supra at 902 (2).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Christopher J. McFadden*, for appellant.
*Brock, Clay, Wilson & Rogers, Stephen A. Yaklin*, for appellee.