## A09A1353. GARNER PLUMBING, INC. v. SLATE CONSTRUCTION, INC.

(686 SE2d 301)

SMITH, Presiding Judge.

Garner Plumbing, Inc. (Garner) appeals from a judgment on a jury verdict in favor of Slate Construction, Inc. (Slate) on its claim against Slate for breach of contract. Garner appeals, challenging the denial of its motions for directed verdict and for a new trial. Because the trial court denied Garner's motion for a new trial without holding a hearing, we vacate the judgment and remand this case for the required hearing.

1. The record reveals that on April 30, 2008, Garner filed a "Motion for Judgment Notwithstanding the Verdict or, In the Alternative, Motion for New Trial." The trial court denied the motion on June 9, 2008 without holding a hearing.

Uniform Superior Court Rule 6.3 provides: "Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." See *Barker v. Elrod*, 291 Ga. App. 871 (1) (663 SE2d 289) (2008). Although the record does not contain a request for a hearing filed by Garner, this rule "does not require a written request for oral argument on a motion for new trial."[1] *Heston v. Lilly*, 242 Ga. App. 902 (1) (531 SE2d 784) (2000). "And this Court has consistently refused to find that the failure to hold oral argument is harmless error. To hold otherwise would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right." (Citations and punctuation omitted.) Id.; see *Wright v. Barnes*, 240 Ga. App. 684, 685 (524 SE2d 758) (1999).

We therefore remand this case to the trial court for oral argument on Garner's motion for judgment notwithstanding the

---

[1] We note that the record does contain a copy of a proposed rule nisi that was not filed or signed by the trial court, with the date and time for a hearing left blank. And there was no order from the court excepting the motion from a hearing. See *Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001).

verdict, or in the alternative, motion for new trial.

2. In light of our holding above, we do not address Garner's remaining enumerations.

*Judgment vacated and case remanded. Phipps and Bernes, JJ., concur.*

DECIDED OCTOBER 28, 2009.

*Andrew, Merritt, Reilly & Smith, Paul E. Andrew*, for appellant.
*Bryan & Oakes, Craig S. Oakes*, for appellee.