## S09F2030. KURIATNYK v. KURIATNYK.

(690 SE2d 397)

CARLEY, Presiding Justice.

Dayna Kuriatnyk (Wife) and Richard Michael Kuriatnyk (Husband) were married in 2007 and lived in Florida. After their only child was born in April 2008, Wife and the child moved to Georgia. Wife brought this divorce action in Georgia on December 11, 2008. Husband was served with the verified complaint in Florida, but did not file any motion or answer.

The trial court entered a final divorce decree, "upon evidence submitted as provided by law," awarding to Wife sole legal and physical custody of the parties' child, as well as child support in the amount of $750 per month. Husband filed a motion to set aside or, in the alternative, for a new trial. The trial court entered an order noting the absence of any supporting affidavits, depositions, or verified pleadings, and stating that "the Motion to Set Aside is DENIED and the Motion for New Trial is DENIED." Husband applied for discretionary review, which we granted pursuant to our Pilot Project in divorce cases.

All of Husband's enumerations on appeal were initially raised in the post-judgment motion. The extent to which the post-judgment motion was for a new trial or to set aside depends upon whether the issues raised related to a motion to set aside under OCGA § 9-11-60

(d), as "substance, rather than nomenclature, governs pleadings, [cits.]." *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994). See also *Stamps v. Nelson*, 290 Ga. App. 277, 279 (2), fn. 3 (659 SE2d 697) (2008).

1. In the first enumeration, Husband contends that the trial court lacked jurisdiction over the res of the marriage, as Wife had not been a bona fide resident of Georgia for six consecutive months before filing her complaint. In another enumeration, he urges that the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), OCGA § 19-9-40 et seq., because the child's home state was Florida, as he had not lived in Georgia with Mother for at least six consecutive months prior to commencement of this action.

Both of these enumerations raise the issue of jurisdiction over the subject matter. See *Devito v. Devito*, 280 Ga. 367, 369 (3) (628 SE2d 108) (2006); *Wilson v. Gouse*, 263 Ga. 887 (441 SE2d 57) (1994); *Doke v. Doke*, 248 Ga. 514, 515 (1) (284 SE2d 419) (1981); *Chalfant v. Rains*, 244 Ga. 747, 748 (262 SE2d 63) (1979); *Goldstein v. Goldstein*, 229 Ga. App. 862, 863 (1) (a) (494 SE2d 745) (1997); McConaughey, *Ga. Divorce, Alimony and Child Custody* § 6:4 (2008-2009 ed.). Such enumerations therefore relate to a motion to set aside under OCGA § 9-11-60 (d) (1). See *Martin v. Williams*, supra. As the post-judgment motion itself indicates, Husband "relied on the lack of subject matter jurisdiction, one of the grounds for a motion to set aside the judgment" and, to that extent, "[t]he motion denied was to set aside the judgment under OCGA § 9-11-60 (d) . . . ." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991) (on motion for rehearing).

As the party seeking a divorce, Wife "had to show 'that the trial court has jurisdiction over the res of the marriage which results from his or her domicile in this state for the six-month period preceding the filing of the action.' [Cits.]" *Midkiff v. Midkiff*, 275 Ga. 136, 137 (1) (562 SE2d 177) (2002). However, "[t]he burden is on [Husband], as the party attacking the judgment to demonstrate that it was void." *Tanis v. Tanis*, 240 Ga. 718, 720 (2) (242 SE2d 71) (1978).

Wife's verified complaint showed that she "has been a resident of the State of Georgia for six months prior to the date of filing this Complaint" and that "[t]he State of Georgia is the home state of the child . . . ." See OCGA § 19-5-5 (b) (2); *Tanis v. Tanis*, supra at 719 (2); *Goulart v. Goulart*, 237 Ga. 174, 175 (1) (227 SE2d 52) (1976). Compare *Rice v. Rice*, 223 Ga. 363, 364 (155 SE2d 393) (1967). In his notice of appeal, Husband stated that the "[t]ranscript of evidence and proceedings will not be filed for inclusion in the record on appeal." Thus, it is not possible to determine what further evidence of Wife's domicile or of the child's home state was presented to the

trial court, and we must assume that the evidence supported its exercise of jurisdiction. See *Tanis v. Tanis*, supra at 718-719 (1), (2); *In re Ray*, 248 Ga. App. 45, 46 (1) (545 SE2d 617) (2001). Moreover, as the trial court recognized, Husband failed to support his post-judgment motion with any affidavits, depositions, or verified pleadings, nor did he request a hearing. See *Herringdine v. Nalley Equip. Leasing*, 238 Ga. App. 210, 212 (2) (517 SE2d 571) (1999).

Accordingly, Husband "has not demonstrated that the judgment was void on the present record. [Cits.]" *Tanis v. Tanis*, supra at 720 (2). That portion of the trial court's order which denied the motion to set aside must therefore be affirmed.

2. In two other enumerations, Husband contends that the trial court erred when it failed to attach the child support worksheet to the final judgment, and when it incorrectly stated the presumptive amount of child support and awarded that erroneous amount without identifying and explaining any deviation.

" ' "A motion for a new trial is a proper means of seeking a retrial or reexamination, in the same court, of an issue of fact, or of some part or portion thereof, after decision by a jury or a decision by the court thereon." (Cit.)' [Cit.]" *Underwood v. Underwood*, 282 Ga. 643, 644 (1) (651 SE2d 736) (2007). Under OCGA § 9-11-52 (c), " '[a] motion for new trial may be used in addition to the filing of motions [to amend] in attacking fact findings, by the court in non-jury trials, contained in the entered judgment.' [Cit.]" *Eldridge v. Ireland*, 259 Ga. App. 44, 47 (2) (576 SE2d 44) (2002). " 'Examples of defects in general which have been held amendable and not subject to motion to set aside include matters such as the court's failure to state findings of fact and conclusions of law[.] . . .' [Cit.]" *Powell v. State*, 166 Ga. App. 780, 781 (1) (305 SE2d 646) (1983). See also *Kennedy v. Brown*, 239 Ga. 286, 289 (3) (236 SE2d 632) (1977). Compare *Scott v. Scott*, 282 Ga. 36, 37 (3) (644 SE2d 842) (2007) (where grant of motion to set aside reversed because the order did not contain the alleged defect, and opinion did not address whether any such defect would have been amendable). Therefore, a motion for new trial, but not a motion to set aside, is a proper means by which the movant can complain of the trial court's failure to comply with the child support guidelines in OCGA § 19-6-15, including the failure to make findings required thereby. *Eldridge v. Ireland*, supra at 46-47 (1), (2).

The trial court denied the motion for new trial on the day after it was filed. Husband's last enumeration is that the trial court erred in ruling on the motion for new trial without an oral hearing.

Uniform Superior Court Rule 6.3 provides that, "in civil actions,"

> "(u)nless otherwise ordered by the court," a motion for new trial "shall be decided" after an "oral hearing." Here, the trial court did not issue an order excepting the motion filed by [Husband] from this procedural requirement. Instead, it summarily denied the motion without holding the mandatory hearing. The appellate courts of Georgia have "consistently refused to find that the failure to hold oral argument is harmless error. To hold otherwise 'would not encourage adherence to the Uniform Rules and would render the mandated hearing a hollow right.' (Cits.)" [Cit.]

*Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001). See also *Garner Plumbing v. Slate Constr.*, 300 Ga. App. 656 (1) (686 SE2d 301) (2009); *Barker v. Elrod*, 291 Ga. App. 871 (1) (663 SE2d 289) (2008). Although Husband did not make a timely request for an oral hearing, Rule 6.3 "does not require a written request for oral argument on a motion for new trial. While the rule does require a written request for oral argument on motions for summary judgment, that language has no application to motions for new trial." *Heston v. Lilly*, 242 Ga. App. 902 (1) (531 SE2d 784) (2000). See also *Garner Plumbing v. Slate Constr.*, supra. Compare *Peyton v. Peyton*, 236 Ga. 119, 120-121 (1), (2) (223 SE2d 96) (1976) (decided prior to promulgation of the Uniform Superior Court Rules); *Cooper v. State*, 249 Ga. App. 881 (549 SE2d 829) (2001) (criminal case).

Accordingly, that portion of the trial court's order which denied the motion for new trial must be reversed, and the case remanded with direction that the trial court conduct a hearing as required by law and that it thereafter enter a new order disposing of the motion for new trial. *Green v. McCart*, supra; *Heston v. Lilly*, supra. We do not reach Husband's enumerations addressing the merits of the trial court's ruling on the motion for new trial, as the issues raised thereby must be asserted in the trial court on remand. *Green v. McCart*, supra at 863 (2); *Heston v. Lilly*, supra at 902-903 (2).

*Judgment affirmed in part and reversed in part and case remanded with direction. All the Justices concur.*

DECIDED MARCH 1, 2010.

*Michael J. Meadors*, for appellant.
*Alex R. Roberson*, for appellee.