# Court of Appeals
# of the State of Georgia

ATLANTA,___April 27, 2012___

*The Court of Appeals hereby passes the following order:*

## A12D0344. MARK KERLIN v. LARRY JOHNSON, ET AL.

Mark Kerlin, a prison inmate, seeks discretionary review of the trial court's order of October 6, 2011, denying his request to proceed in forma pauperis, and the trial court's order of January 12, 2012, denying his motion to set aside the October 6, order. We lack jurisdiction.

Kerlin's application for discretionary appeal was docketed in this Court on April 2, 2012,[1] 179 days after the entry of the order denying his request to proceed in forma pauperis. An application for discretionary appeal must be filed within 30 days of the order on appeal. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Therefore, Kerlin's application is untimely from the order denying his request to proceed as a pauper.

Moreover, Kerlin has not included with his application materials the motion that led to the trial court's order of January 12, 2012. Kerlin states in his brief that his motion sought reconsideration of the trial court's order of October 6, 2011. Additionally, in its order, the trial court indicates that Kerlin sought reconsideration of its earlier order in his motion. Although the January 12 order is entitled "Order

---

[1] Kerlin's application was initially received by this Court on March 1, 2012, but was returned for failure to include a certificate of service.

Denying Defendant's Motion to Set Aside Judgment,"[2] we look to the substance of the motion rather than its nomenclature. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). Here, the substance of the motion was the reconsideration of the trial court's earlier order. The denial of a motion for reconsideration, however, is not directly appealable. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And the filing of such a motion does not extend the time for appealing the underlying judgment – here, the order denying the request to proceed in forma pauperis. Kerlin's application therefore, is untimely as to the order denying his request to proceed in forma pauperis, and is invalid as to the order of January 12, 2012. Accordingly, we lack jurisdiction to consider this appeal, which is hereby *DISMISSED*.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 04/27/2012
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*

---

[2] The trial court's order contained a scrivenor's error as the first sentence of the order makes it clear that the motion at issue was one filed by the plaintiff, Kerlin.