# Court of Appeals
# of the State of Georgia

ATLANTA,   November 03, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0329.  KENNETH G. LEWIS v. THE STATE.**

Kenneth G. Lewis pled guilty to multiple counts of aggravated child molestation, child molestation, and sexual exploitation of children in 2006, and was sentenced to a total of 40 years, 25 to serve and 15 on probation.  We affirmed the trial court's denial of Lewis's motion for an out-of-time appeal in 2010.  See *Lewis v. State*, Case No. A10A2278.  In January 2015, Lewis filed a "Motion to Vacate Unlawful and Void Sentence on Count One/Motion to Withdraw Guilty Plea to Count One," in which he argued that the sentence imposed pursuant to the judgment of conviction was inconsistent with trial court's oral pronouncement of sentence.  The trial court denied the motion, and Lewis appeals therefrom.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg*, supra at 119. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute

provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Here, Lewis does not argue that his sentence fell outside the permissible range. Accordingly, he has not raised a valid void-sentence claim.

Lewis sought withdrawal his guilty plea to Count One on the ground that the sentence on Count One was void. Although an order denying a motion to withdraw a guilty plea is directly appealable, it is the substance of a motion rather than its nomenclature that controls. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (holding that, in pleadings, substance controls over nomenclature). Here, the premise of Lewis's motion was that his sentence was void. As discussed above, Lewis's void-sentence claim fails. Accordingly, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___11/03/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*