# Court of Appeals
# of the State of Georgia

ATLANTA,  October 06, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0309. EDGERRIN TYREE JAMES v. CARLOS NEAL et al.

Carlos Neal and Tony Wyzzard ("the plaintiffs") filed suit against Edgerrin Tyree James seeking to hold him personally liable for a judgment. The trial court granted the plaintiffs' motion for default judgment. James filed a motion to open default under OCGA § 9-11-55 and to have the judgment set aside. On July 13, 2021, the trial court denied the motion, finding that, because judgment had been entered, James was not entitled to open default. To the extent James sought to set aside the judgment under OCGA § 9-11-60 (d), the trial court denied the motion. James has filed a notice of appeal from this ruling, but the appeal has not yet been transmitted to this Court.

The plaintiffs filed a motion for a supersedeas bond. On August 3, 2021, the trial court granted the motion and ordered James either to pay funds into the registry of the court or to post a surety bond. James filed a notice of appeal from the order, which is the subject of the instant appeal. For reasons that follow, we find this appeal moot.

As noted by the trial court, it entered default judgment against James. Thus, James was not entitled to open default under OCGA § 9-11-55 (b). Construing James's motion according to its substance rather than its nomenclature, James sought to have the default judgment set aside. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). An appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). James's failure to follow the required appellate procedure deprives us of jurisdiction to consider the propriety of the trial court's July 13, 2021, order.

Because James has no right to appeal the underlying judgment, the appeal of the supersedeas bond is moot. See *Dubarton Enterprises, LLC v. Appalachian Community Bank*, 321 Ga. App. 755, 755-756 (750 SE2d 682) (2013) (without an underlying appeal, issues pertaining to a supersedeas bond are moot). When the questions presented on appeal have become moot, the appeal is subject to dismissal. See OCGA § 5-6-48 (b) (3). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta, 10/06/2021*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*