# Court of Appeals
# of the State of Georgia

ATLANTA,  August 16, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0019. DAYNELL SHELDON O'CONNOR, ADMINISTRATOR v. BRUCE ANTONIO CID.

Daynell Sheldon O'Connor, the administrator of the estate of Pearlette Nicole Strong-Cid, filed a motion for new trial and to vacate and set aside an order awarding a year's support to the decedent's minor child. The probate court denied the motion, and O'Connor filed this appeal.[1] We, however, lack jurisdiction.

The relevant facts show that Bruce Cid was married to Pearlette Nicole Strong-Cid, and the two had a child who was a minor at the time of the mother's death. Bruce Cid filed the petition for year's support on behalf of the child. O'Connor failed to respond, and the probate court granted the petition on September 4, 2019. On September 30, 2019, O'Connor filed a "Motion for New Trial and Motion to Vacate and Set Aside" the year's support order, arguing that he had not been properly served, that Bruce Cid had a conflict of interest, and that a guardian ad litem was required to pursue the year's support. The probate court denied the motion, and O'Connor appeals this ruling.

Construing O'Connor's motion according to its substance rather than its nomenclature, he sought to have the year's support order set aside under OCGA § 9-11-60 (d). See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). An appeal from an order denying

---

[1] The appeal was initially transmitted to the Cobb County Superior Court, which entered an order remitting the appeal to this Court. The appeal is properly before this Court. See OCGA §§ 15-9-120 (2); 15-9-123 (a).

a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). O'Connor's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   08/16/2022          *
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*