A99A1829. PINE TREE PUBLISHING, INC. v. COMMUNITY HOLDINGS, INC.
(531 SE2d 137)

BLACKBURN, Presiding Judge.

In this action for copyright infringement, Pine Tree Publishing, Inc. appeals the trial court's order opening a default judgment against Community Holdings, Inc. pursuant to OCGA § 9-11-55 (b). Pine Tree contends that, because a final judgment had been entered, the trial court had no authority to open default. For the reasons set forth below, we agree.

The record shows that Pine Tree filed a complaint against Community Holdings for copyright infringement on September 21, 1998. Community Holdings was served on October 12, 1998, but failed to answer. Pine Tree then moved for a finding of default, and a final judgment was entered against Community Holdings on December 4, 1998. On December 10, 1998, Community Holdings, citing OCGA § 9-11-55 (b), filed a motion to open the default judgment or, in the alternative, set aside the judgment. After a hearing, the trial court granted Community Holdings' motion to open default pursuant to

---

[1] The validity of the search is not contested herein.

OCGA § 9-11-55 (b), finding that Pine Tree would not be prejudiced and that the infringement case was a proper one to hear on its merits.

OCGA § 9-11-55 (b) provides:

> At any time *before final judgment*, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court.

(Emphasis supplied.) See also *Allen v. Nash*, 195 Ga. App. 597 (1) (394 SE2d 395) (1990).

In situations where a final judgment has been entered, default cannot be opened unless and until the final judgment has been set aside pursuant to OCGA § 9-11-60 (d). A motion to set aside may be brought to set aside a judgment based upon:

> (1) [l]ack of jurisdiction over the person or the subject matter; (2) [f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) [a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed.

OCGA § 9-11-60 (d).

In this case, final judgment had been entered against Community Holdings. As such, the trial court had no authority to open the default judgment pursuant to OCGA § 9-11-55 (b) without first setting aside the final judgment pursuant to OCGA § 9-11-60 (d), so that the case, in its entirety, could be heard on its merits. See *Archer v. Monroe*, 165 Ga. App. 724 (2) (302 SE2d 583) (1983). The transcript reveals, however, that the trial court opened default without considering whether the final judgment that had already been entered could appropriately be set aside pursuant to OCGA § 9-11-60 (d). The trial court stated: "The court will grant defendant Community Holdings, Inc.'s motion to open the default judgment under the provisions of the statute authorizing the opening of default judgment."

Because a final judgment had been entered in this case, the trial court initially should have considered Pine Tree's motion to set aside such judgment, applying the stringent analysis of OCGA § 9-11-60 (d). Because this analysis has not been made, we must vacate the

court's order which inappropriately opened default without first setting aside the final judgment and remand this case so the trial court may make such a determination in accordance with OCGA § 9-11-60 (d).

*Judgment vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED MARCH 10, 2000.

*Warren R. Power*, for appellant.
*Smith, Welch & Brittain, Katharyne C. Johnson*, for appellee.