A06A1971. JIM ELLIS ATLANTA, INC. v. ADAMSON.
(640 SE2d 688)

BERNES, Judge.

Jim Ellis Atlanta, Inc. directly appeals from the order entered by the Superior Court of DeKalb County denying its "Motion To Reconsider, Set-Aside, and To Open Default." Because the trial court's order is not directly appealable, we dismiss the appeal.

The record reflects that appellee John Adamson filed a complaint against appellant alleging that faulty diagnostic and repair services were performed on his motor vehicle. After appellant failed to timely answer, appellee moved for default. Following a hearing on damages, the trial court entered a final judgment of default against appellant for $23,077.50. Appellant then filed its "Motion To Reconsider, Set-Aside, and To Open Default," which the trial court denied.[1] Subsequently, appellant filed the instant direct appeal challenging the trial court's denial of its motion. Appellee moved to dismiss on the grounds that the trial court's order was not directly appealable.

We agree with appellee and conclude that the denial of appellant's motion was not subject to direct appeal under OCGA § 5-6-34 (a). "In situations where a final judgment has been entered, default cannot be opened unless and until the final judgment has been set aside pursuant to OCGA § 9-11-60 (d)." *Pine Tree Publishing v. Community Holdings*, 242 Ga. App. 689, 690 (531 SE2d 137) (2000). And, the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b). See OCGA § 5-6-35 (a) (8); *Stone v. Dawkins*, 192 Ga. App. 126, 126-127 (384 SE2d 225) (1989). No such application was filed in this case.

Nevertheless, appellant emphasizes that the motion also requested that the trial court reconsider entry of the default judgment and exercise its inherent discretionary authority to vacate the judgment. However, neither the denial of a motion for reconsideration nor the denial of a "discretionary" motion to set aside a judgment is directly appealable under Georgia procedural law. See *Mayor & Aldermen of the City of Savannah v. Norman J. Bass Constr. Co.*, 264

---

[1] Appellant also sought injunctive relief in the motion, but appellant does not challenge on appeal the denial of that relief.

Ga. 16, 17 (1) (441 SE2d 63) (1994); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Stone*, 192 Ga. App. at 127. Accordingly, "regardless of the legal basis for [appellant's] motion, it is clear that its denial was not directly appealable and that the present appeal must consequently be dismissed." *Stone*, 192 Ga. App. at 126.

*Appeal dismissed. Andrews, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 19, 2006.

*Hassinger & Cook, Douglas J. Hassinger*, for appellant.
*Shelley W. Cox*, for appellee.

