### S07A0326. FERGUSON v. FREEMAN.
(646 SE2d 65)

BENHAM, Justice.

Charles E. Ferguson filed a petition for a writ of habeas corpus to contest his pre-trial confinement. The habeas corpus court denied relief in an order entered August 9, 2006. The record contains a notice of appeal from that order with a certificate of service dated August 25, 2006, but the notice was marked filed on September 25, 2006. The notice of appeal from the August 9 order had been returned to Ferguson by the habeas corpus court clerk with an undated form stating that the notice of appeal was not filed because it lacked a designation of the appellate court to which the appeal was directed and did not indicate whether there would be transcripts filed with the record. Ferguson returned that notice of appeal to the habeas corpus court clerk with a cover letter dated September 7, 2006, pointing out that the notice of appeal he had originally sent was adequate. The habeas corpus court clerk filed the returned notice of appeal on September 25, 2006. Meanwhile, Ferguson had filed additional motions in the habeas corpus court in August 2006 and that court entered an order on August 30, 2006, noting that final judgment had been entered in the case and that insofar as the post-judgment motions could in the aggregate be considered a motion for reconsideration, it was denied. On September 19, 2006, Ferguson filed a notice of appeal from the order entered on August 30, 2006.

1. "It is incumbent upon this Court to inquire into its own jurisdiction. [Cits.]" *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856 (1) (572 SE2d 530) (2002). Considering the two notices of appeal filed in this case in the order the record shows they were marked filed, we first address the notice of appeal filed September 19, 2006. That notice of appeal was filed within 30 days of the order denying the motion the habeas corpus court treated as a motion for reconsideration, in keeping with the requirements of OCGA § 5-6-37. However, that notice of appeal was ineffective in invoking this Court's appellate jurisdiction because the denial of a motion for reconsideration of a final judgment is not itself a judgment subject to direct appeal. *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); *Smith v. Ticor Title Ins. Co. &c.*, 200 Ga. App. 534 (3) (408 SE2d 833) (1991); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). We are mindful in applying this rule that although motions for reconsideration in the trial courts have no statutory basis and do not extend the time for filing a notice of appeal (*Johnson v. Barnes*, 237 Ga. 502, 504 (229 SE2d 70) (1976)), we have recognized that the denial of a motion for reconsideration of an interlocutory order may serve as the basis for an application for interlocutory review (*Mayor &c. of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16 (1) (441 SE2d 63) (1994)), and that the denial of a motion denominated as one for reconsideration but raising the grounds for a motion to set aside (see OCGA § 9-11-60) may be appealed (*Johnson v. Barnes*, supra, 237 Ga. at 504-505),[1] but only pursuant to the procedures for discretionary review. *Jim Ellis Atlanta, Inc. v. Adamson*, supra. Those exceptions do not apply to the present case, however, and the denial of the motion for reconsideration is not appealable. *Smith v. Ticor Title Ins. Co. &c.*, supra.

If the notice of appeal marked filed on September 25, 2006, were to be considered as filed on that date, it would be untimely since it would have been filed outside the 30-day period prescribed by OCGA § 5-6-37, and the appeal from the August 9 order denying habeas corpus relief would have to be dismissed because a proper and timely-filed notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Gulledge v. State*, 276 Ga. 740, 741 (583 SE2d 862) (2003). However, the peculiar circumstances of this case lead us to the conclusion that the notice of appeal must be considered timely filed. We first note that the habeas corpus court clerk's action in returning the notice of appeal unfiled violated this

---

[1] *Johnson v. Barnes*, supra, was decided prior to the enactment of OCGA § 5-6-35 (a) (8), which makes appeals from the denial of motions to set aside subject to discretionary appeal procedures.

Court's holding in *Hughes v. Sikes*, 273 Ga. 804 (1) (546 SE2d 518) (2001), that a habeas corpus court clerk's duty to file a notice of appeal is ministerial in nature, and it is beyond the clerk's duty or power to be concerned with the legal viability of a notice presented for filing. Notwithstanding the habeas corpus court clerk's unauthorized action, the "mailbox rule" enunciated by this Court in *Massaline v. Williams*, 274 Ga. 552 (554 SE2d 720) (2001), prevents the unfiled notice of appeal from being rendered untimely. We held in *Massaline* that when a prisoner who is proceeding pro se appeals from a decision on his habeas corpus petition, his notice of appeal will be deemed filed on the date he delivers it to prison authorities for forwarding to the clerk of the superior court, and the date on the certificate of service will give rise to a rebuttable presumption that the prisoner handed his filing to the prison officials on that date. Id. at 555. In the present case, the certificate of service attached to Ferguson's notice of appeal shows a date of August 25, and there is nothing in the record to rebut the presumption that he delivered it on that date to the authorities in whose custody he was. Accordingly, pursuant to our holding in *Massaline v. Williams*, supra, we will consider Ferguson's notice of appeal dated August 25 to have been filed on that date. That being so, the notice of appeal was timely and invoked this Court's appellate jurisdiction.

2. Ferguson raises on this appeal issues concerning the failure of the trial court to conduct a preliminary hearing in Ferguson's underlying criminal case after he was indicted, the failure of the trial court to refund bail funds, retroactivity of the sex offender registration laws, search and seizure violations, and defects in the indictment. As the habeas corpus court correctly held, the first issue is controlled adversely to Ferguson by our decision in *Taylor v. Chitwood*, 266 Ga. 793 (1) (471 SE2d 511) (1996), where this Court held there is no judicial oversight of the failure to hold a preliminary commitment hearing following indictment. The habeas corpus court was also correct in rejecting Ferguson's remaining bases for relief on the ground that those issues must be addressed in the trial court and on appeal, not by means of a pre-trial petition for habeas corpus. *Mungin v. St. Lawrence*, 281 Ga. 671 (641 SE2d 541) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007 —
RECONSIDERATION DENIED JUNE 25, 2007.

Charles E. Ferguson, *pro se.*

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David Getachew-Smith, Assistant District Attorneys*, for appellee.