# Court of Appeals
# of the State of Georgia

ATLANTA,___June 13, 2013_____

*The Court of Appeals hereby passes the following order:*

## A13D0392.  EARLING ROWE v. DEKALB COUNTY, GEORGIA et al.

Following his conviction of a traffic offense in the DeKalb County Recorder's Court, Earling Rowe filed a petition for certiorari in the superior court. On January 30, 2013, the superior court dismissed the petition on the ground that Rowe failed to prove that he had properly served one of the respondents. Rowe filed a "Motion to Vacate Judgment," which – in effect – sought reconsideration of the dismissal order. The trial court denied that order. Rowe filed another motion for reconsideration, which the trial court also denied. On May 20, 2013, Rowe filed this application for discretionary appeal. We, however, lack jurisdiction.

To be valid, an application for discretionary appeal must be filed within 30 days of the entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). The proper and timely filing of the application is an absolute requirement to confer appellate jurisdiction upon this Court. See *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). Filing a motion for reconsideration does not extend the 30-day time period, and the denial of a motion for reconsideration is not itself an appealable order.[1] See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). Because this application was filed more than 30 days after the dismissal order that Rowe seeks to challenge, we lack jurisdiction

---

[1] There are two exceptions to this rule. The denial of a motion for reconsideration of an interlocutory order may serve as the basis for an application for interlocutory appeal, and the denial of a motion denominated as one for reconsideration but raising the grounds for a motion to set aside may be appealed by discretionary application. See *Ferguson*, supra. Neither exception applies here.

to consider it. The application is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 06/13/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*