# Court of Appeals
# of the State of Georgia

ATLANTA, __January 11, 2017_____

*The Court of Appeals hereby passes the following order:*

## A17A0874.  GOTTFRIED A. KAPPELMEIER v. THE PROMENADE AT BERKELEY, LLC.

Gottfried A. Kappelmeier sued The Promenade at Berkeley, LLC in magistrate court.  The magistrate court entered default judgment in favor of Kappelmeier, but awarded him no damages.  Kappelmeier appealed to the state court, which dismissed his appeal on the ground that no appeal shall lie from a default judgment entered in magistrate court.  Kappelmeier filed a motion to set aside the dismissal order under OCGA § 9-11-60 (d), as well as a request for a certificate of immediate review.  On August 19, 2016, the trial court entered an order denying the motion and request.  On October 19, 2016, Kappelmeier filed a notice of appeal to this Court.  We lack jurisdiction for several reasons.

First, an appeal from a state court order disposing of a de novo appeal from a magistrate court decision must be initiated by filing an application for discretionary review.  See OCGA § 5-6-35 (a) (11); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82 (453 SE2d 119) (1995).  An appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) also must be taken by discretionary application.  See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116-17 (640 SE2d 688) (2006).  Kappelmeier's failure to follow the correct appellate procedure deprives us of jurisdiction.

Second, Kappelmeier's appeal from the denial of his request for a certificate of immediate review is moot.  A matter is moot if a ruling would have no practical effect on the alleged controversy.  *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997).  Kappelmeier was not required to follow the

interlocutory appeal procedure of OCGA § 5-6-34 (b) because the order he wishes to appeal was final, and the case is no longer pending below. Accordingly, a ruling on the trial court's denial of his request for certificate of immediate review would have no practical effect on this case, and his appeal of that denial is subject to dismissal. See OCGA § 5-6-48 (b) (3).

Third, even if Kappelmeier had a right of direct appeal here, his appeal is untimely. A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed. See OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted). Kappelmeier filed his notice of appeal 61 days after entry of the state court's order.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.

We note that Kappelmeier has filed more than 20 actions in this Court, many of which lacked merit and were summarily dismissed. We have repeatedly cautioned Kappelmeier of this Court's power to impose sanctions upon a party who files frivolous applications or notices of appeal. See Court of Appeals Rule 15 (b). In fact, in August 2013, we fined Kappelmeier for filing a frivolous appeal. See Case Number A13D0505. At this juncture, we will exercise our discretion and decline to fine Kappelmeier. But we reiterate our warning that further frivolous filings may subject him to sanctions.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __01/11/2017_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.