# Court of Appeals
# of the State of Georgia

ATLANTA,  February 05, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1040. TRACI CARR v. WANDA GRAY.**

Wanda Gray sued Traci Carr in magistrate court for past due rent, and Carr counterclaimed. The magistrate court found that Gray was entitled to a writ of possession, but entered judgment in favor of both parties. Gray appealed to the state court, which entered a judgment against Carr in the principal amount of $7,786.04, plus 7.25% interest accruing thereon, $500.00 in attorney fees, and $250.00 in court costs. Carr moved to set aside the order and default judgment under OCGA § 9-11-60. The trial court denied the motion, and Carr filed this direct appeal. We lack jurisdiction for a number of reasons.

First, "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8).

Second, because the order at issue disposes of a de novo appeal from a magistrate court decision, Carr was required to follow the discretionary appeal procedures to obtain review before this Court. See OCGA § 5-6-35 (a) (11); *Strachan v. Meritor Mortgage Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995).

Last of all, under OCGA § 5-6-35 (a) (6), appeals in all actions for damages in which the judgment is $10,000 or less must comply with the discretionary appeal procedures. See *Jennings v. Moss*, 235 Ga. App. 357 (509 SE2d 655) (1998).

Carr's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/05/2018
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*