# Court of Appeals
# of the State of Georgia

ATLANTA,  September 11, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0235.  DEBORAH BEACHAM v. CHARLES WAYNE BEACHAM.

Plaintiff Deborah Beacham filed an OCGA § 9-11-60 (d) motion to set aside prior orders entered in proceedings related to her 2008 divorce and subsequent child custody, child support, and contempt proceedings.  Defendant Charles Beacham moved to dismiss the § 9-11-60 (d) motion, and the plaintiff moved to strike the defendant's motion to dismiss.  In a single order, the trial court denied the plaintiff's motion to strike and dismissed her § 9-11-60 (d) motion.  The plaintiff then filed this direct appeal.  We lack jurisdiction.

An appeal from a trial court order in a domestic relations case must be initiated by filing an application for discretionary review where a child custody ruling is not at issue on appeal.  Compare OCGA § 5-6-34 (a) (11), with id. § 5-6-35 (a) (2), (b); accord *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017).  An appeal from a trial court order denying relief sought in a § 9-11-60 (d) motion to set aside likewise must be initiated via an application for discretionary review.  See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).  "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Here, the ruling sought to be appealed denied relief under § 9-11-60 (d) in a domestic relations case and made no determination as to child custody.  A discretionary application therefore was required to initiate this appeal. The plaintiff's failure to follow the proper procedure deprives us of jurisdiction over this direct

appeal, which is hereby DISMISSED.  See *Voyles*, 301 Ga. at 47; *Jim Ellis Atlanta, Inc.*, 283 Ga. App. at 116-117.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   09/11/2019
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , Clerk.