# Court of Appeals
# of the State of Georgia

ATLANTA,  June 05, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1906. CEELUX GROUP, INC. v. ROGER ENGLER.**

This case began as a dispossessory action in magistrate court. Landlord Ceelux Group, Inc. also sought rent. Following the magistrate court's ruling, Roger Engler appealed to the superior court. Ceelux Group. Inc. failed to respond, and the superior court granted Engler's motion for default and awarded him damages in the amount of $8,846. Ceelux Group, Inc. subsequently filed an extraordinary motion to set aside the default judgment pursuant to OCGA § 9-11-60, asserting Engler failed to serve the notice of appeal. The trial court denied the motion, and Ceelux Group, Inc. filed this direct appeal. We, however, lack jurisdiction.

First, "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8).

Second, because the order at issue disposes of a de novo appeal from a magistrate court decision, Ceelux Group, Inc. was required to follow the discretionary appeal procedures to obtain review before this Court. See OCGA § 5-6-35 (a) (11); *Strachan v. Meritor Mortgage Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995).

Lastly, under OCGA § 5-6-35 (a) (6), appeals in all actions for damages in which the judgment is $10,000 or less must comply with the discretionary appeal procedures. See *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998).

Ceelux Group, Inc.'s failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  06/05/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*