# Court of Appeals
# of the State of Georgia

ATLANTA,  August 26, 2021

*The Court of Appeals hereby passes the following order:*

### A22I0010. BILLY RAY HIGHTOWER et al. v. NORTHSIDE HOSPITAL INC. et al.

Billy Ray and Donna Hightower filed a medical malpractice action against Northside Hospital Inc. and several individual medical providers. On June 16, 2021, the trial court entered an order granting the defendants' motion to exclude the expert testimony of the Hightowers' expert witnesses. In the same order, the trial court granted partial summary judgment to the defendants, leaving pending only the Hightowers' claim of res ipsa loquitor against Northside Hospital, and directed the entry of final judgment "as to all claims asserted against Dr. Makanjuola and the pressure injury, punitive damages, and loss of consortium claims asserted against Northside Hospital based upon its express determination, under OCGA § 9-11-54 (b), that there is no just reason for delay." The Hightowers did not file a notice of appeal but, instead, filed a motion for reconsideration. The trial court denied the motion and certified its ruling for immediate appeal. Then, on July 28, the Hightowers filed this application for interlocutory appeal. We, however, lack jurisdiction.

The trial court's denial of the motion for reconsideration is not subject to appellate review. "[T]he denial of a motion for reconsideration of *an interlocutory order* may serve as the basis for an application for interlocutory review." See *Ferguson v. Freeman,* 282 Ga. 180, 181 (1) (646 SE2d 65) (2007) (emphasis supplied). But in this case, the motion sought reconsideration of a final judgment, not an interlocutory ruling. "Ordinarily, where a grant of summary judgment does not dispose of all issues in the case, a party has the option to appeal that order directly or wait until after the entry of final judgment." *Agard v. PRP Prop. Mgmt.,* LLC, 354

Ga. App. 710, 711 (1) (840 SE2d 466) (2020). However, where the trial court designates its grant of partial summary judgment as final under OCGA § 9-11-54 (b), the appeal-filing period starts upon the entry of that order, and an appellant loses his right to appellate review of that order by failing to file a timely appeal. Id. See also *Jarallah v. Aetna Cas. & Sur. Co.,* 199 Ga. App. 592, 593 (405 SE2d 510) (1991). Here, as in *Agard,* the trial court entered an order that both granted partial summary judgment and ruled on evidentiary issues, and the court designated the order as final under OCGA § 9-11-54 (b). See *Agard,* 354 Ga. App. at 711 (1). Consequently, the June 16 order was a final judgment, not an interlocutory ruling. And because the Hightowers' motion sought reconsideration of a final judgment, rather than an interlocutory ruling, the trial court's denial of that motion is not, itself, an appealable order. *Ferguson,* 282 Ga. at 181 (1) ("[T]he denial of a motion for reconsideration of a final judgment is not itself a judgment subject to direct appeal."). Furthermore, the application is untimely as to the June 16 order, and the Hightowers' motion for reconsideration did not extend their time to appeal from the June 16 order. See OCGA § 5-6-34 (b); *Bell v. Cohran,* 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Ferguson,* 282 Ga. at 181 (1).

Accordingly, we lack jurisdiction to consider the Hightowers' application, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  __08/26/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*