# Court of Appeals
# of the State of Georgia

ATLANTA, October 27, 2021

*The Court of Appeals hereby passes the following order:*

### A22A0455. FUNMI SANUSI v. PIEDMONT PLUS FEDERAL CREDIT UNION.

Piedmont Plus Federal Credit Union filed an action to recover an unpaid credit card account from Funmi Sanusi. The trial court entered a default judgment in favor of Piedmont Plus, awarding $5,507.80 in unpaid principal; $2,399.53 in interest; $826.05 in attorney fees; and $341.00 in court costs. Proceeding pro se, Sanusi filed a motion to set aside the default judgment, asserting improper service. The trial court denied the motion to set aside, and Sanusi filed this direct appeal. We lack jurisdiction.

First, although not specifically denominated as such, Sanusi's motion was essentially one to set aside pursuant to OCGA § 9-11-60 (d). "[T]he denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8).

Second, the trial court's judgment was for less than $10,000. Appeals in all actions for damages in which the judgment is $10,000 or less must also comply with the discretionary appeal procedures. See *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998); see OCGA § 5-6-35 (a) (6).

Accordingly, Sanusi was required to file an application for discretionary

appeal. Sanusi's failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
            *Clerk's Office, Atlanta,   10/27/2021*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*