# Court of Appeals
# of the State of Georgia

ATLANTA,  January 07, 2022

*The Court of Appeals hereby passes the following order:*

## A22D0179. DEREK GABRIEL, SR. et al. v. SENTINEL LAKE HOMEOWNERS ASSOCIATION, et al.

Derek Gabriel, Sr. and Autumn Gabriel ("Plaintiffs") filed this breach of contract action against Sentinel Lake Homeowners Association, Inc., and others ("Defendants"). The court entered its final judgment in favor of Defendants in May 2018. Plaintiffs, who had been represented by counsel but were now proceeding pro se, filed a motion to set aside, which the court denied. Plaintiffs did not appeal from that order. Plaintiffs then filed a second motion to set aside and vacate judgment, under OCGA § 9-11-60 (d), alleging fraud on the part of Defendants. The trial court denied the motion on September 10, 2021, and Plaintiffs filed a notice of appeal from that order. We dismissed the appeal as abandoned after Plaintiffs failed to file a brief and enumeration of errors within the time allowed. See Case No. A22A0430 (Dec. 16, 2021). On December 10, 2021, Plaintiffs filed this application for discretionary review of the September 10, 2021 order.[1]

We lack jurisdiction. To be timely, a discretionary application must be filed within 30 days of the entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v.*

---

[1]As an initial matter, to the extent that Plaintiffs intended this application to be their brief in their direct appeal, we nevertheless lacked jurisdiction over the direct appeal because "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

*State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Plaintiffs filed their application 91 days after the entry of the order to be appealed. Thus, we lack jurisdiction and the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/07/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*