# Court of Appeals
# of the State of Georgia

ATLANTA,  June 13, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1491. TERRY SMITH v. CREEKSIDE MANOR HOMEOWNERS' ASSOCIATION, INC.

On December 2, 2021, Creekside Manor Homeowners' Association, Inc. and Terry Smith entered into a consent judgment whereby Creekside would accept $8,000 in full satisfaction of monies owed by Smith and Smith would accept $500 to settle his counterclaim. Thereafter, Smith filed a pro se motion to vacate, alleging that he did not consent to the judgment. The trial court denied the motion, and Smith filed this direct appeal. Creekside has filed a motion to dismiss, asserting that this Court lacks jurisdiction over the appeal. We agree.

First, OCGA § 5-6-35 (a) (6) requires the filing of an application for discretionary appeal "in all actions for damages in which the judgment is $10,000.00 or less[.]" *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998). Second, Smith's motion to vacate was really one to set aside pursuant OCGA § 9-11-60 (d), and the denial of a motion under OCGA § 9-11-60 (d) must also be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Smith failed to follow the requisite discretionary application procedure, we lack jurisdiction to consider this appeal.

For these reasons, Creekside's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/13/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*