# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0953. LORENZO C. PETERSON, SR. v. WYNBROOKE COMMUNITY ASSOCIATION, INC.

Wynbrooke Community Association, Inc., filed suit against homeowner Lorenzo C. Peterson, Sr., for unpaid association fees. Peterson did not file a timely answer, and Wynbrooke moved for default judgment. On November 18, 2019, the trial court entered final judgment. Three days later, Peterson filed an answer. Peterson subsequently filed multiple motions to open default under OCGA § 9-11-55. He then filed a motion to set aside default judgment. On November 28, 2022, the trial court entered an order denying Peterson's motions, and Peterson filed this appeal. We, however, lack jurisdiction.

Under OCGA § 9-11-55 (b), a trial court retains discretion to open default "[a]t any time before final judgment[.]" Once final judgment has been entered, "default cannot be opened unless and until the final judgment has been set aside pursuant to OCGA § 9-11-60 (d)." *Pine Tree Publishing, Inc. v. Community Holdings, Inc*., 242 Ga. App. 689, 690 (531 SE2d 137) (2000). Here, since the trial court entered final judgment on November 18, 2019, Peterson was not entitled to open default under OCGA § 9-11-55 (b).

Construing Peterson's motions according to their substance rather than their nomenclature, Peterson sought to have the default judgment set aside. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature). An appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116

(640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Peterson's failure to follow the required appellate procedure deprives us of jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*__02/13/2023_____
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.