# Court of Appeals
# of the State of Georgia

ATLANTA,  April 11, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1044. DAVID BROWN et al. v. OSPREY COVE OWNERS' ASSOCIATION, INC.

Osprey Cove Owners' Association, Inc. ("Osprey Cove"), filed a complaint against David and Tatania Brown. The Browns filed an answer and counterclaims. The trial court dismissed the Browns's counterclaims in April 2022, and the Browns filed a direct appeal from that order. We dismissed the appeal because the Browns failed to follow the interlocutory appeal procedures. Case No. A22A1660 (dismissed Jul. 22, 2022). On November 30, 2022, after a hearing, the trial court entered an order granting Osprey Cove's motion for summary judgment. By its express terms, the judgment constituted a final disposition of the matter, except for Osprey Cove's motion for attorney fees and expenses. On December 9, 2022, the court entered an order granting Osprey Cove's motion for fees and expenses. Later that same day, the Browns filed a pleading entitled "Objection to Motion for Summary Judgment and Motion to Reinstate," in which they claimed they did not receive proper notice of the summary judgment hearing, and requested that the orders granting summary judgment and awarding fees be vacated. On December 28, 2022, the trial court denied the Browns's motion. On January 23, 2023, the Browns filed a notice of appeal from the orders dismissing their counterclaims and granting Osprey Cove's motions for summary judgment and fees. We lack jurisdiction.

To the extent that the Browns's motion can be construed as one for reconsideration, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment sought to be appealed. OCGA § 5-6-38 (a). "The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate

jurisdiction on an appellate court." *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012) (citation and punctuation omitted). The Browns's notice of appeal was filed 54 days after the entry of summary judgment, which was a final judgment. Notably, a trial court's reservation of the issue of attorney fees sought under OCGA § 9-15-14 does not render a judgment non-final or extend the time for filing a notice of appeal. See *Hill v. Buttram*, 255 Ga. App. 123, 124 (564 SE2d 531) (2002). Although the Browns filed the motion within 30 days of the summary judgment order, motions for reconsideration do not extend the time to appeal from the underlying decision, and an order resolving the motion is not itself a directly appealable judgment. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007); *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000).

To the extent that the Browns's motion can be construed as one to set aside the judgment pursuant to OCGA § 9-11-60 (d), a direct appeal is not authorized. The denial of such a motion is not directly appealable and requires the filing of an application for discretionary appeal under OCGA § 5-6-35. *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); accord OCGA § 5-6-35 (a) (8). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Thus, whether the Browns's motion is construed as a motion for reconsideration or a motion to set aside under OCGA § 9-11-60 (d), we lack jurisdiction to entertain this appeal. This appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__04/11/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.