# Court of Appeals
# of the State of Georgia

ATLANTA,  July 12, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1606. CHRISTOPHER CLARK v. LAYLA ANDERSON

In 2019, Christopher Clark sued Layla Anderson, asserting claims for malicious prosecution and defamation. After Clark failed to appear for trial, the trial court entered an order dismissing the case with prejudice on December 13, 2022. On January 12, 2023, Clark filed a motion for reconsideration and a motion to set aside the order of dismissal pursuant to OCGA § 9-11-60 (d). Following a hearing, the trial court entered an order denying Clark's motion on March 2, 2023. Clark then filed this direct appeal. We lack jurisdiction.

The denial of a motion for reconsideration of an appealable order or judgment is not itself appealable. See *Wright v. Wright*, 367 Ga. App. 15, 17, n.2 (884 SE2d 610) (2023); *Cornelius v. Morris Brown College*, 299 Ga. App. 83, 85 (1) n.1 (681 SE2d 730) (2009). Moreover, an appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d) must come by application for discretionary appeal. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). Thus, Clark's failure to comply with the discretionary application procedures set forth in OCGA § 5-6-35 deprives us of jurisdiction over this appeal. See *Hair Restoration Specialists v. State of Georgia*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (compliance with the discretionary appeals procedure is jurisdictional).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/12/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , *Clerk.*