# Court of Appeals
# of the State of Georgia

ATLANTA, August 29, 2023

*The Court of Appeals hereby passes the following order:*

### A24A0123. DESIREE JORDAN-PHILADELPHIA v. AMERICAN EXPRESS NATIONAL BANK.

American Express National Bank filed suit against Desiree Jordan-Philadelphia to collect an unpaid account. In July 2021, the parties entered into a consent order. American Express thereafter filed an affidavit in accordance with the consent order, asserting that Jordan-Philadelphia had not made the agreed-upon payments and asking the court to enter judgment against her. On February 15, 2023, the trial court entered judgment in favor of American Express for $4,932.43. Proceeding pro se, Jordan-Philadelphia filed an "extraordinary motion to quash affidavit of default" and asked the court to vacate both the February 15, 2023 judgment and the prior consent order. The trial court denied the motion on June 9, 2023, and Jordan-Philadelphia filed this direct appeal. We lack jurisdiction.

As an initial matter, OCGA § 5-6-35 (a) (6) requires the filing of an application for discretionary appeal "in all actions for damages in which the judgment is $10,000.00 or less." *Jennings v. Moss*, 235 Ga. App. 357, 357 (509 SE2d 655) (1998). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Moreover, whether Jordan-Philadelphia's extraordinary motion is construed as a motion for reconsideration or a motion to set aside under OCGA § 9-11-60 (d), we lack jurisdiction to entertain an appeal from the denial of such a motion. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (explaining that in pleadings, substance controls over nomenclature). To the extent that the extraordinary motion was one for reconsideration of the February 15 judgment, "the denial of a

motion for reconsideration of a final judgment is not itself a judgment subject to direct appeal." *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007). To the extent that the extraordinary motion was one to set aside, the denial of a motion to set aside a final judgment under OCGA § 9-11-60 (d) requires the filing of an application for discretionary appeal. *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); accord OCGA § 5-6-35 (a) (8).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,　08/29/2023　　　*
　　　*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*