# Court of Appeals
# of the State of Georgia

ATLANTA,  January 09, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0866. DOUGLAS BALL A/K/A HOWARD BALL v. AMERICAN EXPRESS NATIONAL BANK.

American Express National Bank sued Douglas Ball a/k/a Howard D. Ball to recover amounts due on credit accounts. The parties filed various motions and, on October 7, 2024, the trial court entered a final order granting American Express's motion for summary judgment based on unanswered requests to admit. The trial court dismissed the remaining motions as moot. Ball then filed both a motion to strike his own answer and a motion to vacate the final order, arguing among other things that he had not been properly served the requests to admit. The trial court denied the motions on November 25, 2024, and Ball filed a notice of appeal on December 3, 2024. We, however, lack jurisdiction.

Ordinarily, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). Here, rather than timely appealing the October 7 order entering final judgment, Ball filed pro se motions, which in substance either sought reconsideration or to have the judgment set aside. See *The Hudson Trio, LLC v. The Buckhead Community Bank*, 304 Ga. App. 324, 326 (1) (696 SE2d 372) (2010) (we construe motions according to function rather than nomenclature).

To the extent that either of Ball's motions may be construed as a motion for reconsideration, such a motion does not extend the time for filing an appellate challenge to an appealable order, and the denial of such a motion is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 510-511 (536 SE2d 187) (2000);

*Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). And to the extent that the motions may be construed as an OCGA § 9-11-60 (d) motion to set aside, an appeal from an order denying such a motion requires the filing of an application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*__01/09/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*