# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1901. SHEILA ALKAMEL v. PIEDMONT HOSPITAL, INC. et al.

Sheila Alkamel, proceeding pro se, filed this medical malpractice and wrongful death action against Piedmont Hospital, Inc., and three healthcare providers. The defendants moved to dismiss the complaint because, among other reasons, it did not include an expert affidavit as required by OCGA § 9-11-9.1 (a). The trial court granted the motion to dismiss on March 12, 2025. Alkamel filed a motion to set aside the dismissal under OCGA § 9-11-60, which the trial court denied on March 21, 2025. Alkamel filed this direct appeal on April 21, 2025. We, however, lack jurisdiction.

To the extent Alkamel seeks to appeal the order denying the motion to set aside, "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

To the extent she seeks to appeal the March 12 dismissal order, the appeal is untimely. A notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of the notice of appeal is an absolute requirement to confer appellate jurisdiction upon this Court. See *Harned v. Piedmont Healthcare Foundation*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020). In this case, Alkamel filed her notice of appeal on April 21, which was 40 days after entry of the dismissal order.

Finally, to the extent the motion to set aside could be considered a motion for reconsideration, the motion did not extend the time to appeal from the underlying order, and the order resolving it is not subject to direct appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 510 (536 SE2d 187) (2000) ("a motion for reconsideration does not toll the time for filing a direct appeal").

Accordingly, this Court does not have jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __06/20/2025_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*