# Court of Appeals
# of the State of Georgia

ATLANTA,  January 08, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0909. SHAQUEZ WILKERSON v. ASHIA GALLO.

In August 2022, the trial court entered a 12-month family violence protective order against Shaquez Wilkerson. In August 2025, Wilkerson filed a motion under OCGA § 9-11-60 seeking to have the protective order set aside. The trial court denied the motion, finding that because the protective order had expired two years earlier, the motion was moot. Wilkerson then filed this direct appeal. We lack jurisdiction.

An appeal from the denial of a motion to set aside under OCGA § 9-11-60(d) requires the filing of an application for discretionary appeal. See OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).  Similarly, appeals of orders in domestic relations cases — including actions arising under the Family Violence Act — also must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a)(2), (b); *Phaneuf v. Anthony*, 375 Ga. App. 636, 637 (917 SE2d 191) (2025). "Compliance with the discretionary appeals procedure is jurisdictional." *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021) (citation and punctuation omitted). Consequently, "[f]ailure to file an application when one is necessary requires that the appeal be dismissed." *Evans v. Jackson*, 368 Ga. App. 170, 173(1) (889 SE2d 343) (2023) (citation and punctuation omitted).

In light of Wilkerson's failure to follow the proper appellate procedure, this

appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*  01/08/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

            *, Clerk.*