# Court of Appeals
# of the State of Georgia

ATLANTA,  June 18, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2225. FORREST CONNER v. LAKESIDE PRESERVE HOMEOWNER ASSOCIATION, INC.

On September 11, 2025, the trial court issued a final order granting Lakeside Preserve Homeowner Association Inc.'s motion for summary judgment in its action against Forrest Conner. Conner filed a motion for reconsideration, which the trial court denied. Then, Conner filed a motion to set aside judgment, which reiterated the same arguments as the motion for reconsideration. Conner amended that motion, asking the trial court to set aside the judgment because service upon him was not properly effectuated. On February 5, 2026, the trial court denied the motion to set aside, and Conner appealed. We lack jurisdiction for two reasons.

First, in substance, Conner's amended motion challenged the judgment under OCGA § 9-11-60(d)(1), which provides that a motion to set aside a judgment may be brought based upon a "[l]ack of jurisdiction over the person or the subject matter." See *Johnson v. Adcock*, 377 Ga. App. 375, 380(1) (922 SE2d 668) (2025) ("[T]here is no magic in nomenclature. A document is to be construed by its substance or function, rather than by its name.") (citation and punctuation omitted). An appeal from an order denying a motion to set aside a judgment under OCGA § 9-11-60(d) must be made by application for discretionary review. See OCGA § 5-6-35(a)(8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Connor has not followed the mandatory procedure for discretionary review of the subject matter of this case,

we do not have jurisdiction.

Second, to the extent that Conner seeks to appeal the denial of his request that the trial court reconsider its grant of summary judgment, the appeal is untimely. A notice of appeal must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-38(a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Perry v. Paul Hastings, LLP*, 362 Ga. App. 140, 141 (866 SE2d 855) (2021). The denial of a motion for reconsideration is not itself appealable and does not extend the time for filing a notice of appeal. *Mosher v. Mosher*, 378 Ga. App. 187, 189 (919 SE2d 831) (2025). Here, the appeal is untimely as to the September 11, 2025 final order granting summary judgment, as it was filed 152 days after entry of the order. And the appeal is improper as to the denial of the motions for reconsideration. Therefore, we lack jurisdiction.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/18/2026*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.